# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON S., | Case No.: 3:21-cv-01359-RBM |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| | **[Doc. 2]** |

## I.    **INTRODUCTION**

On July 28, 2021, Plaintiff Clinton S. ("Plaintiff") filed a Complaint under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of disability insurance benefits under Title II of the Social Security Act ("the Act").[1]  (Doc. 1.)  Plaintiff did not pay the

///

---

[1] Complaint also references Plaintiff's application for supplemental security income under Title XVI; however, the plain language of the Complaint invokes the Court's jurisdiction under 42 U.S.C. § 405(g).  (Doc. 1 at 1–2, ¶¶ 3, 6.)  Thus, it appears Plaintiff is not appealing the supplemental security income decision.

1  required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion").

2  (Doc. 2.)

3       On April 8, 2020, former Chief Judge Larry A. Burns issued an order staying civil

4  cases arising under 42 U.S.C. § 405(g) that were filed on or after March 1, 2020, due to the

5  ongoing COVID-19 public health emergency. *See* Or. of Chief Judge No. 21, sec. 6 (stating

6  in part "all civil cases filed on or after March 1, 2020 brought against the Commissioner .

7  . . are hereby stayed, unless otherwise ordered by the [Court]."). At this time, the Court

8  lifts the stay of this case for the limited of purpose of ruling on the IFP Motion which will

9  allow Plaintiff to proceed with effectuating service of the summons and Complaint to

10  Defendant. Once service is complete, the Court will stay the case again until such time as

11  the Commissioner begins normal operations at the Office of Appellate Hearings Operations

12  and resumes preparation of Certified Administrative Records. *See* Or. of Chief Judge No.

13  21 at sec. 6.

14       Having reviewed the Complaint and IFP Motion, the undersigned **GRANTS**

15  Plaintiff's IFP Motion and further finds Plaintiff's Complaint is sufficient to survive a sua

16  sponte screening.

17  **II.  DISCUSSION**

18  **A.  Application to Proceed IFP**

19       All parties instituting a civil action in a district court of the United States, except an

20  application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). But a

21  litigant who, because of indigency, is unable to pay the required fees or security may

22  petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The

23  facts of an affidavit of poverty must be stated with some particularity, definiteness, and

24  certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *United*

25  *States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

26       The determination of indigency falls within the district court's discretion. *Rowland*

27  *v. Cal. Men's Colony*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S.

28  194 (1993). It is well-settled that a party need not be completely destitute to proceed in

2

1    forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339–40 (1948);

2    *see also Escobedo*, 787 F.3d at 1235.   To satisfy the requirements of 28 U.S.C. §

3    1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of

4    his poverty pay or give security for costs . . . and still be able to provide[ ]himself and

5    dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations

6    omitted).   Nevertheless, "the same even-handed care must be employed to assure that

7    federal funds are not squandered to underwrite, at public expense, . . . the remonstrances

8    of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple

9    v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted).   Courts

10   tend to reject IFP motions where the applicant can pay the filing fee with acceptable

11   sacrifice to other expenses. *See, e.g., Allen v. Kelley*, C-91-1635-VRW, 1995 WL 396860,

12   at **2–3 (N.D. Cal. June 29, 1995) (plaintiff initially permitted to proceed IFP, but later

13   required to pay $120 filing fee out of $900 settlement proceeds).

14          Here, Plaintiff sufficiently demonstrates entitlement to IFP status.   According to the

15   affidavit, Plaintiff's monthly income for the past twelve months totals $0; however, his

16   spouse's monthly income totals $2,359, which is comprised of $935 in food stamps and

17   $1,424 in general relief.[2]   (Doc. 2 at 1.)   Plaintiff's monthly expenses total $1.50 for life

18   insurance; however, his spouse's monthly expenses total $4,319, which include $1,395 in

19   rent, $115 in utilities, $1,000 in food, $200 in clothing, $100 in laundry, $600 in gasoline,

20   $209 for motor vehicle insurance, $200 for cellphone(s), $300 in credit card bills, and $200

21   for cable/internet.   (*Id.* at 4–5.)   The couple's monthly household expenses exceed their

22   monthly income by $1,960.   (*Id.*)   Plaintiff explains, "I know the expenses are more than

23   the income.   We use credit cards each month to help get through." (*Id.* at 5.)   Additionally,

24   Plaintiff and his spouse have four children, ages two, four, seven, and eleven.   (*Id.* at 3.)

25

26   _____

27   [2] General relief is a type of temporary cash assistance for eligible county residents who
     have no other means of support. *See* Health & Human Services Agency, General Relief,

28   https://www.sandiegocounty.gov/content/sdc/hhsa/programs/ssp/general_relief.htmlounty
     .gov) (last visited Aug. 10, 2021).

1 | Plaintiff has $0 in his checking account while his spouse has $2 in a checking account. (*Id.*
2 | at 2.) The only valuable property Plaintiff and his spouse own are two vehicles, a 2004
3 | Dodge Durango and a 2015 Chrysler Town and County (i.e. minivan), collectively valued
4 | at $9,500. (*Id.* at 3.)

5 | Although $600 in gasoline is substantially high, it is clear Plaintiff would still be
6 | unable to pay the filing fee after reducing this expense. (Doc. 2 at 4.); *see also Allen*, 1995
7 | WL 396860, at **2–3. Plaintiff's affidavit sufficiently demonstrates an inability to pay the
8 | required $400 filing fee without sacrificing the necessities of life. *See Adkins*, 335 U.S. at
9 | 339–340. The undersigned concludes Plaintiff cannot afford to pay any filing fees at this
10 | time for this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

11 |     **B.**   **Sua Sponte Screening**

12 | Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding IFP is
13 | also subject to a mandatory sua sponte screening. The Court must review and dismiss any
14 | complaint which is frivolous or malicious, fails to state a claim, or seeks monetary relief
15 | from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203
16 | F.3d 1122, 1127 (9th Cir. 2000); *see also Alamar v. Soc. Sec.*, 19-cv-0291-GPC-LL, 2019
17 | WL1258846, at *3 (S.D. Cal. Mar. 19, 2019).

18 | To survive, complaints must contain "a short and plain statement of the claim
19 | showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading
20 | standard Rule 8 announces does not require 'detailed factual allegations,' but it demands
21 | more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v.*
22 | *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
23 | (2007)). And "[t]hreadbare recitals of elements of a cause of action, supported by mere
24 | conclusory statements do not suffice." *Iqbal*, 556 U.S. at 663. Instead, plaintiff must state
25 | a claim plausible on its face, meaning "plaintiff pleads factual content that allows the court
26 | to draw the reasonable inference that the defendant is liable for the misconduct alleged."
27 | *Id.* at 678. "When there are well-pleaded factual allegations, a court should assume their
28 | / / /

1    veracity, and then determine whether they plausibly give rise to an entitlement to relief."

2    *Id.* at 679.

3            Social security appeals are not exempt from the general screening requirements for

4    IFP cases. *Montoya v. Colvin*, 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev.

5    Mar. 8, 2016) (citing *Hoagland v. Astrue*, 12-cv-00973-SMS, 2012 WL 2521753, at *1

6    (E.D. Cal. June 28, 2012)).

7            In social security appeals, courts within the Ninth Circuit have established four

8    requirements necessary for a complaint to survive a sua sponte screening:

9

10           First, the plaintiff must establish that she had exhausted her administrative remedies
             pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty
11           days after notice of a final decision. Second, the complaint must indicate the judicial
             district in which the plaintiff resides. Third, the complaint must state the nature of
12           the plaintiff's disability and when the plaintiff claims she became disabled. Fourth,
13           the complaint must contain a plain, short, and concise statement identifying the
             nature of the plaintiff's disagreement with the determination made by the Social
14           Security Administration and show that the plaintiff is entitled to relief.

15

16   *Skylar v. Saul*, 19-cv-1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019)

17   (quoting *Montoya*, 2016 WL 890922, at *2).  As to requirement four, a complaint is

18   insufficient if it merely alleges the Commissioner was wrong in denying plaintiff benefits.

19   *See Skylar*, 2019 WL 4039650, at *1; *see also Hoagland*, 2012 WL 2521753, at *3.

20   Instead, a complaint "must set forth a brief statement of facts setting forth the reasons why

21   the Commissioner's decision was wrong." *Skylar*, 2019 WL 4039650, at *2.

22           As to the first requirement, the Complaint contains sufficient allegations that

23   Plaintiff exhausted his administrative remedies. (Doc. 1 at 2–4.) Plaintiff filed concurrent

24   applications for disability insurance benefits and supplemental security income on March

25   9, 2019, which the Commissioner denied initially and upon reconsideration. (*Id.* at 2, ¶ 6.)

26   An administrative law judge ("ALJ") held a hearing and issued a decision denying

27   Plaintiff's claim for benefits on December 17, 2020. (*Id.* at 2, ¶ 7.) Additionally, Plaintiff

28   sought review with the Appeals Council; however, the Appeals Council denied the request

1   for review on June 8, 2021. (*Id.* at 4, ¶ 9.) This became the Commissioner's final decision.

2   (*Id.*)  Plaintiff timely filed the Complaint within sixty days of the Commissioner's final

3   decision. *See* 42 U.S.C. § 1383(c).  As to the second requirement, the Complaint states

4   Plaintiff resides "within the jurisdictional boundaries of this Court in Oceanside, CA."

5   (Doc. 1 at 1, ¶ 1.)  As to the third requirement, Plaintiff alleges he "is, and at all times

6   relevant to this action, disabled as that term is defined in the Social Security Act." (*Id.* at

7   2, ¶ 5.) Finally, Plaintiff contends the Court should reverse or remand the Commissioner's

8   final decision on several grounds, including that the ALJ did not property weigh medical

9   evidence from an orthopedic consultative examiner, his primary care physician, and state

10  agency psychiatric consultants.  (*Id.* at 3, ¶ 8(a)-(e).)  Based upon the foregoing, the

11  undersigned finds the Complaint establishes the four requirements necessary to survive sua

12  sponte screening.

13          However, the Court notes Plaintiff's counsel has filed several complaints in other

14  social security appeals that contain language nearly verbatim to the instant Complaint's

15  paragraph five. (*Id.* at ¶ 5.)  While paragraph five of the instant Complaint alleges Plaintiff

16  is disabled and he has been disabled at all relevant times to this action, this boilerplate

17  language *barely* meets the third screening requirement. *Skylar*, 2019 WL 4039650, at *1.

18  This Court has recently issued an order discouraging Plaintiff's counsel against filing

19  pleadings with such boilerplate language. *Nacimo A. v. Saul*, 20-cv-1780-RBM, Doc. 6 at

20  6 (S.D. Cal. Sept. 25, 2020) (highlighting paragraph five's boilerplate language in

21  complaint but nevertheless finding complaint sufficient to survive a sua sponte screening).

22  While the complaints in other cases have survived a sua sponte screening, the Court

23  cautions Plaintiff's counsel that such boilerplate filings are discouraged. *See Kevin C. v.*

24  *Saul*, 20-cv-463-RBM, Doc. 9 (S.D. Cal. Sept. 2, 2020) (finding complaint sufficient to

25  survive a sua sponte screening); *see also Mark G. v. Saul*, 20-cv-917-WVG, Doc. 5 (S.D.

26  Cal. May 18, 2020) (stating "the Court finds Plaintiff has sufficiently (though barely)

27  satisfied the minimal pleading standards above by stating specific points of error assigned

28  by the ALJ."); *Robert D. v. Saul*, 20-cv-639-MDD, Doc. 6 (S.D. Cal. June 15, 2020)

24

(finding complaint not subject to sua sponte dismissal); *Maria R. v. Saul*, 20-cv-1236-MMA-JLB, Doc. 6 (S.D. Cal. July 23, 2020) (finding complaint not subject to sua sponte dismissal); *but see Maria V. v. Saul*, 20-cv-586-JLB, Doc. 6 (S.D. Cal. May 6, 2020) (dismissing complaint without prejudice finding complaint "merely parrots the standard of judicial review" and "devoid of the [ALJ's] findings and the specific reasons plaintiff contends the ALJ erred.").

## III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.   Plaintiff's IFP Motion is **GRANTED**.

2.   The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for the named Defendant. In addition, the Clerk of Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the Complaint.

3.   Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 and forward the materials to the United States Marshals Service.

4.   Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

5.   After service is complete, the Court will stay the case again and the stay will automatically lift after Defendant files the Certified Administrative Record.

**IT IS SO ORDERED**.

Dated: August 12, 2021

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

3:20-cv-01681-RBM