UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON S.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>MICHELLE KING, Acting Commissioner of Social Security,[2]<br><br>        Defendant. | Case No.: 21-cv-1359-MMP<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[ECF No. 26] |

  Pending before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), in which Matthew Holmberg of the Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Counsel") requests an award of fees for representing Clinton S. ("Plaintiff") in connection with this Social Security appeal. [ECF No. 26.] Neither the Commissioner of Social Security, nor Plaintiff has objected to the pending motion. [*See* ECF No. 29.] The parties have consented to the undersigned for all purposes. [ECF No. 31.] Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the motion suitable for determination without oral argument. For the reasons stated below, the Court **GRANTS IN PART** the motion.

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

[2] On January 20, 2025, Michelle King became the Acting Commissioner of Social Security and is automatically substituted as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

## I. BACKGROUND

On July 28, 2021, Plaintiff filed a complaint seeking judicial review of the denial of his application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. [ECF No. 1.] The Court granted the parties' joint motion to voluntarily remand the case back to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) and entered final judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner. [ECF No. 22.] Pursuant to the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920, the Court awarded attorney's fees in the amount of $2,012.33 under the Equal Access to Justice Act ("EAJA").[3] [ECF Nos. 24, 25.]

On remand, Plaintiff was found to be disabled since March 1, 2018, thereby entitling him to $100,840.00 in past-due benefits under Title II of the Social Security Act. [ECF Nos. 26 at 5, 26-2.]

Counsel now moves for an attorney fee award under 42 U.S.C. § 406(b) in the amount of $20,000.00, which represents approximately 19.83% of Plaintiff's total past-due benefits awarded. [ECF No. 26 at 7.] Counsel also seeks an order requiring it to refund Plaintiff in the amount of $2,012.33 for the EAJA fees previously received. [ECF No. 26.]

## II. LEGAL STANDARD

42 U.S.C. § 406(b) governs fees for representation of individuals claiming Social Security disability benefits for proceedings in court. *Gisbrecht*, 535 U.S. at 794. "Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a Social Security] claimant who

---

[3] "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. § 2412(d)(1)(A)).

was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)).

Contingent-fee agreements are the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht,* 535 U.S. at 807; *see also Crawford*, 586 F.3d at 1147. "[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements, . . . looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht,* 535 U.S. at 808).

In determining the reasonableness of a fee award under § 406(b), the relevant inquiry is "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* District courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Crawford*, 586 F.3d at 1148 (internal citation and quotation omitted). The attorney must establish the fees sought are reasonable. *Gisbrecht*, 535 U.S. at 807.

Finally, any fee award under § 406(b) must be offset by the amount of attorney's fees awarded under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

### III.  ANALYSIS

Pursuant to the Supreme Court's directive in *Gisbrecht*, the Court begins with the agreement. In written contingent-fee agreement dated July 14, 2021, Plaintiff and his Counsel expressly agreed "the fee for successful prosecution of this matter" is "**25% of**

**the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court."** [ECF No. 26-1 ¶ 4.] The parties further agreed Counsel would "seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work." [*Id.*] The parties entered into this agreement prior to initiating this federal action, and nothing in the record suggests the agreement was reached by improper means. The firm spent 11.19 hours—2.97 hours in paralegal time and 8.22 hours in attorney time—litigating this matter in federal court, resulting in order granting the parties' joint motion for voluntary remand to the Social Security Administration for a new decision. [ECF No. 26 at 1 ¶ 5, 19, 22; *see also* ECF No. 26-4.] On remand, Plaintiff was awarded substantial past-due benefits in the amount of $100,840.00. In accord with the fee agreement, Counsel's requested fee of $20,000 is approximately 19.83% of Plaintiff's total past-due benefits awarded, and Counsel further represents he will not seek fees under § 406(a). [ECF No. 26 at 16 ¶ 6.] Thus, the requested fee is "not in excess of 25 percent of the total past-due benefits to which [Plaintiff] is entitled" and is therefore within the statutory limit under § 406(b)(1)(A)).

The Court next considers the reasonableness of the fee and "whether the amount need be reduced." *Crawford*, 586 F.3d at 1149. Neither the character of the representation, the results achieved, nor a delay attributable to the attorney warrant a reduction of the fee award. *See Gisbrecht*, 535 U.S. at 808. The Court also notes though the agreement entitles his attorney to seek up to 25% of past due benefits, Counsel has voluntarily reduced the fees sought by over $5,000.

Other factors, however, warrant a downward adjustment of the requested fee. The Supreme Court instructed "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1148. To aid its reasonableness assessment in this regard, the Court may consider "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808. "While the Ninth Circuit has discouraged a 'court-wide policy'

on fees in Social Security cases, district judges can certainly consider the fees awarded by other judges in the same locality in similar cases." *Simmons v. Kijakazi*, No. 18-cv-394, 2023 WL 3746511, at *3 (D. Or. May 31, 2023) (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012)).

Here, Counsel seeks $20,000.00 in fees for 11.19 total hours of work on this case. The Court finds time spent litigating this case was low—only 8.22 hours of attorney time and 2.97 hours of paralegal time—compared with the $100,840.00 in past-due benefits. *See Costa*, 690 F.3d at 1136 (recognizing twenty to forty hours is the range most often requested and granted in social security EAJA fee requests). When assessed against the proposed fee award, Counsel's effective hourly rate equates to approximately $1,787.31, which is significantly higher than rates typically deemed reasonable in similar Social Security cases in this District. *See Maud A. v. O'Malley*, No. 22-cv-1505, 2024 WL 4439259, at *3 (S.D. Cal. Oct. 7, 2024) (collecting cases in this District approving effective hourly rates of $1,300 to $1,600 where the parties agreed to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and the plaintiff received sizeable awards of past-due benefits on remand); *see, e.g.*, *Roland S. v. Kijakazi*, No. 20-cv-01068, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (approving $12,600 in fees under § 406 for 8.78 hours of attorney and paralegal time, making effective hourly rate $1,438.35).

The lack of demonstrated complexity or other risk also supports a downward adjustment. The Ninth Circuit has recognized the attorney's burden "is to show that the fee is reasonable based on the facts of the particular case" and therefore "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d at 1152–53; *see also Stokes v. Comm'r of Soc. Sec. Admin.*, 432 F. App'x 672, 673 (9th Cir. 2011) ("The district court has a duty to perform an 'independent check' to assure that [the fees] yield reasonable results in *particular cases*.") (internal citation and quotation marks omitted). The Court finds Counsel has not met his burden of showing the requested fee is reasonable. Counsel makes no argument about the specific risks or complexities of *this* case, and

nothing before the Court suggests this case was particularly complex or unusual. To the contrary, the record demonstrates the proceedings were largely uncontested, as the parties agreed to voluntarily remand the case prior to completing or filing the Joint Motion. While the Court acknowledges Counsel asserts overarching policy considerations and the high risk in litigating social security appeals generally, such arguments do not address the risk involved in this specific case and therefore are insufficient to satisfy his burden of establishing the requested fees are reasonable. *See Stokes*, 432 F. App'x at 672–73 ("Graf completely ignores this guidance, instead discussing general policy considerations and the generally high risk in litigating social security cases. At no point does Graf make any specific contentions with respect to this case's complexity and risk."). The Court finds the effective hourly rate of $1,787.31 is unreasonable in light of the relatively straightforward nature of the litigation and modest time spent litigating coupled with the recovery of a significant amount of past-due benefits ($100,840.00).

Finally, the Court considers the lodestar calculation "*as an aid* in assessing the reasonableness of the fee." *See Crawford*, 586 F.3d at 1151. "In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case." *Simmons*, 2023 WL 3746511, at *2. Although Counsel did not provide his normal hourly billing charge for noncontingent fee cases, he relies on a range of various hourly rates for consumer law ranging from $534 to $787 for the median to the 95th percentile in the Los Angeles area where his firm is located. [ECF No. 26 at 7.] Based on this survey, the average attorney hourly rate for an attorney with comparable experience to Mr. Holmberg[4] is $506 per hour. [ECF No. 26-6 at 29.] The Court notes of the 11.19 total hours spent on this case, 2.97 hours are paralegal hours. The requested fees result in a multiplier of approximately 3.5 ($1,787.31 ÷ $506 = 3.51). Though Counsel contends a multiplier of 3.3 to 3.65 or higher

---

[4] Mr. Holmberg has been practicing since 2018. [ECF No. 26 at 17 ¶ 9.]

is required "simply to adjust for the average risk of loss in court and before the agency[,]" ECF No. 26 at 13, the Court notes once again Counsel failed to provide any information as to the complexity or risk involved in this specific case. Thus, the Court finds the lodestar calculation further demonstrates the unreasonableness of the requested fee.

Given the low number of total hours billed, the lack of demonstrated complexity or specific risk in this case, and in consideration of the fee awards in similar cases in this District and lodestar calculation in aid of assessing reasonableness, the Court finds Counsel has not met its burden of showing the requested fee is reasonable in this particular case. The Court finds a downward adjustment is warranted to $15,000, which equals approximately 14.88% of the past-due benefits and results in an effective hourly rate of approximately $1,340.48. *See Crawford*, 586 F.3d at 1149 ("Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established."). The Court finds the downwardly adjusted fee appropriately takes into account the risk of delay or nonpayment involved in the case, as well as the experience and efficiency of Counsel.

After a careful review of the record, motion and declaration in support thereof, and applicable law, the Court finds a fee award under § 406 of $15,000 is reasonable.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** the motion for attorneys' fees under 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $15,000. The Court further **ORDERS** Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff the amount of $2,012.33 for EAJA fees received.

**IT IS SO ORDERED**.

Dated: January 24, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge